IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**WESLEY GARNER,**

    **Plaintiff,**

vs.                                                     Case no. 5:05cv113-RS-AK

**1 OPAL, INC., d/b/a SCHOONERS,**

    **Defendant.**

_____/

## ORDER

    Before the Court is Defendant's Motion to Assess Attorneys' Fees (Doc. 88) and the Plaintiff's Response (Doc. 91).

    District courts have discretion to award reasonable attorney's fees to a prevailing defendant in a Title VII case if plaintiff's case was "frivolous, unreasonable, or without foundation." Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); Sullivan v. School Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985); 42 U.S.C. § 2000e-5(k) ("In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party... a reasonable attorney's fee (including expert fees) as part of the costs..."). Three important factors in deciding whether the claim is "frivolous" are : (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. These factors are "general guidelines," and ultimately, "determinations regarding frivolity are to made on a case by case basis." Sullivan, 773 F.2d at 1189.

    In this case, all of the Sullivan factors are in the Plaintiff's favor. As evidenced by the denial of Defendant's motion for summary judgment (Doc. 67), the trial on the merits, and the jury's conclusion that the plaintiff proved a prima facie case (but no damages), it is clear that Plaintiff's claims were not frivolous. Plaintiff also contends, and

Defendant does not deny, that Defendant offered to settle the dispute at least one point in time. (Plaintiff's Response, 7.)   Christiansburg cautioned that "[i]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg, 434 U.S. at 421-22, 98 S.Ct. at 700. This is due to the fact that "[n]o matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial." Id. at 422, 98 S.Ct. at 700.  Defendant's Motion to Assess Attorney's Fees (Doc. 88) is denied.

**ORDERED** on June 26, 2006.

/s/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**